NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FLEXCO MICROWAVE, INC.,** | Civil Action No. 04-1339 (TJB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **MEGAPHASE LLC, et al.,** | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge,**

This matter comes before the Court upon Plaintiff Flexco Microwave, Inc.'s ("Flexco) Motion to Enforce Settlement or, in the alternative, to Extend the Time to Re-Open this Action or to Re-Open.  Defendants MegaPhase LLC, William Pote, III and David Lutkins (collectively, "MegaPhase") oppose Flexco's Motion.  For the reasons stated more fully below, Flexco's Motion to Enforce Settlement is GRANTED in part.

**I.      Background**

This matter involves an action for patent infringement in which Flexco claims that MegaPhase willfully and deliberately infringed U.S. Patent No. 5,181,316 (the "'316" patent), which describes a particular method for making flexible coaxial cables.  From the inception of this litigation, the parties have engaged in settlement discussions.  Moreover, from January 2006 through June 2008, the Court engaged in no less than seven settlement conferences with the parties in an effort to amicably resolve this case, which involves a father and son.  These settlement conferences were held in-person and lasted several hours each.

As the parties made progress in reaching an agreement, the frequency of this Court's settlement conferences increased. Thus on February 6, 2008 this Court met with counsel and the parties for approximately four hours in an attempt to settle this matter. While a settlement was not reached on that date, the parties moved closer to an amicable resolution. Consequently, on March 11, 2008, this Court held another settlement conference in this matter. The March 11, 2008 settlement conference lasted approximately two hours and when it ended it appeared that a settlement was reached. As a result, this Court scheduled an in-person conference on March 25, 2008 during which counsel and the parties were supposed to place the settlement of this matter on the record. Unfortunately, as the March 25, 2008 conference neared, the parties informed this Court that they were not in a position to place the settlement on the record. In response, this Court conducted another settlement conference on April 11, 2008. During this conference this Court worked with counsel and the parties for approximately three hours in an effort to finalize the details of the settlement previously reached on March 11, 2008. Since the parties consented to this Court's jurisdiction for the trial of this matter, the Honorable John J. Hughes, U.S.M.J., offered to conduct a final settlement conference with the parties and their counsel. Judge Hughes held this final settlement conference on June 12, 2008, during which he spent an entire afternoon with counsel and the parties finalizing the settlement of this matter. At the end of the June 12, 2008 settlement conference, Judge Hughes had counsel and the parties place the settlement reached in this matter on the record. Further, Judge Hughes made clear that the settlement was "strictly limited to the four corners of the record . . . and the four corners of [Court Exhibit 1]" (i.e., the marked up settlement documents that reflected the parties' agreement). (June 12, 2008 Settlement Tr. at 6:13-14).

The parties do not dispute that a settlement was reached in this matter. Rather, they disagree about whether certain terms should be included in the settlement. The parties' arguments regarding this issue are set forth in detail in their papers. As a result, the Court shall not restate them at length herein.

To summarize, Flexco argues that an enforceable settlement was reached in this matter. Flexco claims that on June 12, 2008, the parties and counsel attended a settlement conference conducted by Judge Hughes in which they sought to finalize the settlement they had earlier reached on March 11, 2008. Flexco argues that during the June 12, 2008 settlement conference, counsel for Flexco combined the parties' "respective draft settlement agreements and Flexco's separate proposed license agreement and marked up the documents to reflect the agreement reached by the parties at the June 12 conference." (Pl. Br. at 2). Flexco further argues that MegaPhase's attorney then "reviewed each provision of the marked up document and indicated his assent to all of the revisions." (*Id*.) After counsel reviewed the written documents, Flexco argues that the parties and their counsel placed the settlement of this matter on the record before Judge Hughes and entered the written marked up settlement agreement into the record as Court Exhibit 1. Flexco claims that "[t]he parties agreed on the record that they would execute a retyped version of Court Exhibit 1." (*Id*.) Flexco argues that despite their agreement, counsel for MegaPhase objected to the retyped Stipulation of Settlement, and, while William T. Pote III of MegaPhase has indicated his agreement to the Stipulation of Settlement, the Stipulation has not been executed.

Further, Flexco claims that MegaPhase's reasons for not executing the Stipulation are unfounded. Specifically, Flexco claims that Paragraph 7 - "Identification of Equipment and

Documentation" of the retyped Stipulation appears verbatim in Court Exhibit 1 at page ten of that document and, as such, constitutes part of the parties' agreement. Flexco argues that the language pertaining to "Identification of Equipment and Documentation" that appears in Court Exhibit 1 is not crossed out and that consequently, "Mr. Dweck's belated objection to that language has no basis." (Muscato Reply Cert. at ¶ 6). In addition, Flexco argues that MegaPhase's objection to the term "royalties" in Paragraph 3 of the retyped Stipulation is baseless. In this regard, Flexco alleges that the parties' discussions with Judge Hughes regarding the use of the term "payments" in the Stipulation occurred with regard to the information contained in Paragraph 6 of the retyped Stipulation, in which the term "payments" is used.

MegaPhase opposes Flexco's Motion to Enforce Settlement. In this regard, MegaPhase does not argue that a settlement was never reached; in fact, MegaPhase is adamant that a settlement was reached. Rather, MegaPhase takes issue with the retyped Stipulation of Settlement provided by Flexco. Specifically, MegaPhase objects to Flexco's use of the term "royalties" in the retyped Stipulation. MegaPhase argues that counsel and Judge Hughes had extensive discussions regarding the use of the word "royalties" and that "MegaPhase never agreed to pay 'royalties', but was agreeable to make the payments in order to settle the lawsuit[.]" (Dweck Cert. at ¶ 3). MegaPhase claims that Judge Hughes agreed with MegaPhase and indicated that the word "payments" should be used instead of "royalties," a condition to which Flexco agreed.

In addition, MegaPhase objects to the inclusion of Paragraph 7 - "Identification and Documentation" in the retyped Stipulation. MegaPhase argues that this paragraph represents an entirely new provision that "was never agreed to by the parties[.]" (*Id*. at ¶ 4). Megaphase claims

that "[t]he Defendants were agreeable to settle the lawsuit by making the payment of $125,000 – and the payment of the amounts based upon sales of the cable in question. That did not give the Plaintiff the right to MegaPhase's equipment!" (*Id*.)

MegaPhase also raises the issue of whether a mutual, non-disparagement clause should be included in the parties' Stipulation. MegaPhase acknowledges that Judge Hughes did not believe that such a clause was a "critical factor." Nevertheless, given their other issues with the retyped Stipulation, Megaphase thought it appropriate to also address the issue. Finally, MegaPhase opposes Flexco's request that this matter be reopened.

**II.     Discussion**

A settlement agreement is a type of contract. *See Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 492 (3d Cir. 2006) (citing *Borough of Haledon v. Borough of N. Haledon*, 358 N.J. Super. 289, 305 (App. Div. 2003)). Consequently, courts look to state contract law when determining whether an enforceable settlement agreement has been reached. *See Id*.

In New Jersey, there is a strong public policy favoring settlements. *Nolan v. Lee Ho.*, 120 N.J. 465, 472 (1990). Consequently, courts "strain to give effect to the terms of a settlement wherever possible." *Dep't of Pub. Advocate v. N.J. Bd. of Pub. Util.*, 206 N.J. Super. 523, 528 (App. Div. 1985). Nevertheless, courts will not enforce "[a] settlement . . . 'where there appears to have been an absence of mutuality of accord between the parties or their attorneys in some substantial particulars, or the stipulated agreement is incomplete in some of its material and essential terms.'" *Bistricer v. Bistricer*, 231 N.J. Super. 143, 147 (Ch. Div. 1987) (quoting *Kupper v. Barger*, 33 N.J. Super. 491, 494 (App. Div. 1955)). However, "a contract is no less a contract because some preferable clauses may be omitted either deliberately or by neglect. So

long as the basic essentials are sufficiently definite, any gaps left by the parties should not frustrate their intention to be bound." *Id.* (internal quotation marks and citation omitted).

Moreover, under New Jersey law, as long as "the parties orally agree on the essential terms," a contract is formed. *McDonnell v. Engine Distributors*, Civil Action No. 03-1999, 2007 WL 2814628, *3 (D.N.J. Sept. 24, 2007). This is true "'even though [the parties] contemplate the later execution of a formal document to memorialize their undertaking.'" *Id.* (quoting *United States v. Lightman,* 988 F.Supp. 448, 459 (D.N.J. 1997). As a result, "as long as those essential terms are agreed to, 'the settlement will be enforced notwithstanding the fact that a writing does not materialize because a party later reneges.'" *Id.* (quoting *Lahue v. Pio Costa*, 263 N.J. Super. 575, 596 (App. Div. 1993).

Under these principles, it is clear that an enforceable settlement was reached on June 12, 2008. Indeed, as previously noted, both Flexco and MegaPhase believe that an agreement was reached on June 12, 2008, though they have a slight difference of opinion as to what terms were agreed upon. Specifically, MegaPhase takes issue with the inclusion of the word "royalties" in the retyped Stipulation of Settlement as well as the inclusion of Paragraph 7 - "Identification of Equipment and Documentation" in that document. In resolving this dispute, the Court looks to the "four corners" of the record and the "four corners" of Court Exhibit 1. (June 12, 2008 Settlement Tr. at 6:13-14).

With respect to the use of the word "royalties" in the retyped Stipulation, the Court finds that the parties agreed not to use that term to describe the payments that MegaPhase agreed to pay Flexco under the terms of the settlement agreement. Counsel, the parties and the Court addressed this issue on June 12, 2008, and, as the record indicates, the monies to be paid to

6

Flexco "were just payments and labeled as such." (*Id*. at 7:21-22). Consequently, no portion of the retyped Stipulation should refer to "royalties." Instead, as agreed on June 12, 2008, all monies to be paid pursuant to the settlement reached by the parties should be referred to as "payments."

With respect to the inclusion of Paragraph 7 - "Identification of Equipment and Documentation" in the retyped Stipulation, the Court finds that the terms contained therein represent essential terms of the settlement to which both Flexco and MegaPhase agreed. Here, the essential terms of the parties' settlement are set forth in the marked up documents introduced as Court Exhibit 1, which the Court indicated represented "the final settlement between the parties" (*Id*. at 3:19-20), and in the record of the June 12, 2008 settlement conference. Contrary to MegaPhase's arguments, while the parties did not discuss Paragraph 7 - "Identification of Equipment and Documentation" on the record, that does not mean that this provision "was never agreed to by the parties[.]" (Dweck Cert. at ¶ 4). The contents of Paragraph 7 - "Identification of Equipment and Documentation" are clearly contained on page 10 of Court Exhibit 1 as Paragraph 3 - "Identification of Equipment and Documentation." A review of Court Exhibit 1 clearly indicates that where the parties intended to strike a provision from inclusion in the final settlement, they drew either a line or a large "X" over the provision. Unlike such provisions so stricken, the paragraph referring to "Identification of Equipment and Documentation" is not crossed out. Instead, Court Exhibit 1 indicates that the parties agreed to the inclusion of this provision as part of their settlement and MegaPhase shall not be allowed to now renege on this agreement. *See McDonnell*, 2007 WL 2814628 at 3.

Finally, the Court finds that the inclusion of a non-disparagement clause was not an

essential term of the settlement reached by the parties.  Indeed, Judge Hughes specifically stated on the record that he did not find a non-disparagement clause to be "a critical factor."  (June 12, 2008 Settlement Tr. at 18:13).

### III.    Conclusion

For the reasons stated above, Flexco's Motion to Enforce Settlement is GRANTED in part.  The Court finds that on June 12, 2008 Flexco and MegaPhase entered into an enforceable settlement agreement.  With the exception of the use of the word "royalties," the Court finds that the retyped Stipulation of Settlement provided by Flexco accurately represents the parties' settlement and it is this settlement which the Court enforces.  An appropriate Order follows.

Dated: March 5, 2009

        s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**